Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000826
13-AUG-2014
08:23 AM

NO. CAAP-14-0000826

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CONTINENTAL PACIFIC, LLC, by their Managing Agent,
ELITE PACIFIC PROPERTIES, LLC, et al., Plaintiffs-Appellees,
v.
STELLA L. MULIVAI, et al., Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(DC CIVIL NOS. 1RC12-1-7984; 1RC12-1-7985 and 1RC12-1-7986)

ORDER GRANTING THE JUNE 17, 2014 MOTION TO DISMISS APPEAL
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon consideration of "Motion to Dismiss Appeal"

(**Motion to Dismiss**) and the papers in support, filed on June 17,

2014 by Plaintiff-Appellee Continental Pacific, LLC by their

Managing Agent Elite Pacific Properties, LLC (**Appellee**); the

"Appellants' Opposition to Motion to Dismiss Appeal"

(**Opposition**), filed on July 2, 2014 by Appellants Stella L.

Mulivai (**Mulivai**), Kenneth W. Taipin, Jr. and Noelani P. Taipin

(**the Taipins**), and Don Albert Graycochea and Suzette Graycohcea

(the Graycohceas) (collectively **Appellants**);[1] and the record and files herein,[2] the Motion to Dismiss is granted.

On May 14, 2014, Appellants filed a notice of appeal, through which they appeal from Judgments for Possession in favor of Appellee, which were accompanied by Writs of Possession, and also challenge the following, all filed in the District Court of the First Circuit (**district court**):

A.  Decision and Order as to Summary Possession for Stella Mulivai, filed by Judge Gerald Kibe on April 25, 2014;

B.  Orders Denying Defendant's Motion to Disqualify Judge Gerald Kibe for Mulivai (1RC12-1-7984) filed by Judge Michael Tanigawa on March 19, 2013; for the Taipins (1RC12-1-7985) filed by Judge Michael Tanigawa on March 21, 2013; and for the Graycocheas (1RC12-1-7986) filed by Judge Michael Tanigawa on March 21, 2013;

C.  Order by Judge Kibe filed April 25, 2014 for the Taipins (1RC-12-7985) and for the Graycocheas (1RC-12-1-7986);

D.  Denial of January 16, 2013 Oral Motion to Dismiss on Jurisdictional Grounds;

E.  Denial of October 1, 2013 Oral Motion to Dismiss because of title change in the Taipins' case;

F.  Denial of November 26, 2013 Oral Motion to give Locricchio communications from Court Administration to Judge Kibe regarding Mr. Smith's prior correspondence to Judge Richardson;

G.  Denial of December 18, 2013 Oral Motion for Sanctions and Request for Continuance because Plaintiff Lex Smith wasn't in attendance;

H.  Denial of January 15, 2014 Oral Motion for Copy of Documents Submitted to Judge Kibe by Judge Richardson;

I.  Denial of March 12, 2014 Oral Motion to Dismiss.

---

[1]  Appellants' Opposition states that the Taipins have agreed with Appellee "to not appeal or challenge" Appellee, and that the Opposition excludes the Taipins based on representations that such an agreement exists.

[2]  We note that Appellee filed a reply to Appellants' Opposition on August 6, 2014. However, Hawai'i Rules of Appellate Procedure Rule 27 does not authorize a reply, and Appellee did not seek permission of this court to file a reply. We therefore will not consider Appellee's reply in deciding the Motion to Dismiss.

Although the Judgments for Possession did not resolve all the claims in the underlying cases, the Hawai'i Supreme Court has recognized an exception to the finality requirement under the Forgay doctrine. See Forgay v. Conrad, 47 U.S. 201 (1848); Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). Under the Forgay doctrine, "[w]e have jurisdiction to consider appeals from judgments which 'require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation.'" Ciesla, 78 Hawai'i at 20, 889 P.2d at 704 (citation and brackets omitted). For this appeal, however, we conclude that the appeal must be dismissed because it is moot.

In Hamilton ex rel. Lethem v. Lethem, 119 Haw. 1, 5, 193 P.3d 839, 843 (2008), the Hawai'i Supreme Court stated:

It is well-settled that:

The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal -- adverse interest and effective remedy -- have been compromised.

Lathrop [v. Sakatani, 111 Hawai'i 307, 312-13, 141 P.3d 480, 485-86 (2008)] (citations omitted) (format altered); see also In re Doe Children, 105 Hawai'i 38, 57, 93 P.3d 1145, 1164 (2004) (stating that "the two conditions for justiciability relevant on appeal [are] adverse interest and effective remedy").

"A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts

are to avoid advisory opinions on abstract propositions of law." Kona Old Hawaiian Trails Grp. v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal quotation marks, brackets, and citation omitted). Further, "a case is moot if the reviewing court can no longer grant effective relief." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (internal quotation marks, brackets, emphasis, citation, and block quotation format omitted).

In this case, it is undisputed that Appellants have all vacated their respective properties. Appellants signed documents in which they agreed to vacate their respective properties in exchange for Appellee's agreement to, among other things, forgo seeking attorneys' fees and costs incurred in the summary possession proceedings. Appellants have vacated their respective properties and it appears that the writs of possession were not executed. "The termination of possession without execution of a writ of possession moots all questions about the validity of the order authorizing the issuance of the writ of possession and of the writ itself." Crown Properties, Inc. v. Financial Sec. Life Ins. Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985).

Furthermore, Appellants' leases have terminated, and Appellants have not demonstrated an entitlement to regain possession based on their leases, even if this court were to vacate the Judgments for Possession. Accordingly, this appeal from the Judgments for Possession is moot. See Exit Co Ltd. P'ship v. Airlines Capital Corp., Inc., 7 Haw. App. 363, 366, 766 P.2d 129, 131 (1988) (determining in a summary possession case

that an appeal from a judgment for possession is moot where the appellant legally cannot regain possession of the subject premises, i.e., the Lease is "not subject to renewal or extension," should the judgment for possession be vacated by the appellate court).[3/]

Appellants purport to appeal from numerous other orders which were not directly related to, and did not form the basis for, the Judgments for Possession on which this Forgay appeal is based. These other orders (identified in Paragraphs B through I above) are interlocutory and are not subject to review in this appeal.

IT IS HEREBY ORDERED that the Motion to Dismiss is granted. The appeal in No. CAAP-14-0000826 is dismissed.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, August 13, 2014.


Chief Judge


Associate Judge


Associate Judge

---

[3/] To the extent that the Taipins have entered into an agreement with Appellee to dismiss their appeal, such agreement provides an additional ground as to the Taipins for dismissing the appeal.